1  Tyler J. Woods (State Bar No. 232464)
   twoods@trialnewport.com
2  Richard H. Hikida (State Bar No. 196149)
   rhikida@trialnewport.com
3  Scott J. Ferrell (State Bar No. 202091)
   sferrell@trialnewport.com
4  **NEWPORT TRIAL GROUP**
   A Professional Corporation
5  895 Dove Street, Suite 425
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff
8

9            **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11  THERMOLIFE INTERNATIONAL, LLC,  |  Case No.  **CV13-1281 DDP(PJWx)**

12       Plaintiff,  |  **COMPLAINT FOR PATENT INFRINGEMENT**

13       vs.  |  **JURY TRIAL DEMANDED**

14  NUTREX RESEARCH, INC.,

15       Defendant

Plaintiff Thermolife International, LLC ("Plaintiff") hereby alleges for its Complaint against Nutrex Research, Inc. ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I. THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

2. Plaintiff is the owner and assignee of United States Patent No. 8,202,908 ("the '908 patent") titled "D-Aspartic Acid Supplement," and Plaintiff licenses the '908 patent to several third-parties and is in negotiations to license the patents to numerous other parties.

3. Defendant is a corporation organized and existing under the laws of Florida with a principal place of business at 579 South Econ Circle in Oviedo, Florida, 32765.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

6. This Court has personal jurisdiction over Defendant. By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises "T-Up"-branded dietary supplement products (hereinafter the "accused products") manufactured, marketed, and sold by Defendant in the United States, the State of California, and the Central District of California – or did so in the past.

7. Defendant has purposefully and voluntarily placed these accused products into the stream of commerce with the expectation that they will be purchased in the

Central District of California, and the products are actually purchased in the Central District of California.

## III.  **THE DEFENDANT'S INFRINGING PRODUCT**

8.    The accused products purport to and do increase the levels of testosterone in adult male humans.

9.    The accused products are administered by oral ingestion.

10.    The accused products contain a D-aspartic acid compound comprised from D-aspartic acid, D-Aspartate salts, or D-aspartate esters.

11.    The accused products branded are intended to be taken by adult male humans and are taken primarily by adult male humans.

12.    The accused products purport to contain and actually contain a D-aspartic acid compound which is, according to the products' instructions for use, to be administered and is administered in an amount and for a time sufficient to increase the levels of testosterone in end-users.

13.    Defendant manufactures, markets, advertises, offers for sale, and sells the accused products.

14.    As part of its transaction of business in this jurisdiction, Defendant sells its accused products to various distributors and retailers with places of business within the Central District of California.

15.    The labels and advertisements for the T-Up-branded products state, as relevant to this matter and without limitation, as follows:

      a.  The product contains "Sodium D-Aspartic Acid"

      b.  It is to be taken by oral ingestion.

      c.  "Nutrex raises the bar on testosterone boosting by bringing you T-UP Black"

      d.  "In one study, the Sodium D-Aspartic Acid used in T-Up led to an average 42% increase in testosterone after only 12 days of use"

      e.  "Days 1-10:  Take 5 Black Liqui-Caps twice per day between meals"

**COMPLAINT FOR PATENT INFRINGEMENT**

f. "Day 11 and on:   Take 5 Black Liqui-Caps once per day between meals"

g. "Scientific research has shown that the Sodium D-Aspartic Acid in T-UP can be stored in the body and continues to keep testosterone levels elevated for several days even after study participants stopped taking it, supporting the conclusion that the testosterone boosting effects of this product will build up over time"

## IV.   THE DEFENDANT'S INFRINGEMENTS

16.   Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Central District of California, by virtue of the fact that Defendant has shipped, distributed, offered for sale, sold, and advertised, and continues to ship, distribute, offer for sale, sell, and advertise the accused products in this District.

## A.   DIRECT INFRINGEMENTS

17.   Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities, have taken, used, and orally administered the accused products, which Defendant has formulated and distributed and sold to include a D-aspartic acid compound as defined in the '908 patent for the specific reason of increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the D-aspartic acid compound present in the product in an amount and for a time sufficient to increase the levels of testosterone.

18.   Defendant has encouraged and/or is aware of these persons' oral administration of the accused products for these purposes, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities are acting under Defendant's direction and control when practicing the method disclosed in the '908 patent.

COMPLAINT FOR PATENT INFRINGEMENT

19.     Therefore, Defendant directly practices the method as set forth in the '908 patent and it is a direct infringer of the patent.

**B.     INDIRECT INFRINGEMENTS**

20.     End-users of Defendant's accused products are also direct infringers of the '908 patent, because they have taken, used, and orally ingested the accused products which Defendant has formulated to include a D-aspartic acid compound as defined in the '908 patent for the specific reason of increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the a D-aspartic acid compound as defined in the '908 patent present in the products in an amount and for a time sufficient to increase their levels of testosterone.

21.     These end-users practice the method as set forth in the '908 patent and are direct infringers of the patent.

22.     Defendant's labels and advertising for the accused products explain the elements and essential elements of the method disclosed in the '908 patent to end-users and encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice that method, and end-users do practice that method.

23.     Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of the patent, and have in fact urged them to do so.

24.     The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose any uses for the products nor for the D-aspartic acid compound as defined in the '908 patent in those products that do not infringe upon the method disclosed in the '908 patent.

25.     The inclusion of the D-aspartic acid compound in the products is material to practicing the method disclosed in the '908 patent.

26.     Defendant has knowledge that the accused products are especially adapted by end-users of the products for the practicing of the method disclosed in the '908 patent, and, indeed, Defendant encourages, urges, and induces the products' end-users

to purchase and orally administer the accused products to practice that method, and has done so in the past.

27.   Defendant has intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purpose, without limitation, of increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the D-aspartic acid compound as defined in the '908 patent present in the products in an amount and for a time sufficient to increase the levels of testosterone.

28.   Defendant had actual, first-hand knowledge of the '908 patent after the June 19, 2012 issuance of the patent, the day of which a very publicly available and widely known press release was issued by Plaintiff announcing the issuance of the patent. The press release stated as follows:

> "ThermoLife International, LLC (ThermoLife) announced today that the United States Patent and Trademark Office (USPTO) issued U.S. Patent No. 8,202,908 (the '908 patent) for ThermoLife's novel use of D-Aspartic acid (DAA). The patented method uses a DAA compound to increase the levels of testosterone, growth hormone, and/or insulin-like growth factor 1 in adult males. The potential benefits of DAA are astounding and the patented method will transform testosterone boosting dietary supplements and methods.
>
> ThermoLife has a long history of developing innovative and proven products and processes. With the addition of the '908 patent, ThermoLife has been awarded seven patents covering more than 20 various compounds and methods of use, and still has many pending applications in the pipeline and new technologies at various stages of development.

These patents protect ThermoLife's innovative and proven products and methods, as well as validate ThermoLife's market leadership in new dietary ingredient research. These patents also allow ThermoLife to continue building confidence with its licensing partners and give consumers and companies that work with ThermoLife assurance that they are buying one-of-a-kind products that they cannot get elsewhere.

**About Thermolife**

Founded in 1998, ThermoLife is dedicated to developing real products and methods that work. ThermoLife is a leading manufacturer in the sports nutrition and supplement industry. ThermoLife is committed to developing only the purest, most effective, and innovative products. For more information about ThermoLife and its patents, or to license any of ThermoLife's patented ingredients contact Ron Kramer at Ron(at)ThermoLife(dot)com."

29.    Thereafter, Plaintiff sent detailed communications to Defendant to notify Defendant of the patent and its infringement prior to the filing of this suit, and, upon information and belief, notified or should have notified its distributors and retail partners of such communications.

30.    Plaintiff actually began potential licensing discussions with Defendant, thereby cementing its actual, first-hand knowledge of the existence of the patent, but those discussions were not fruitful.

31.    Defendant has brazenly and willfully decided to infringe the '908 patent despite knowledge of the patent's existence and each of their infringements of the patent.

32.    At a minimum, and in the alternative, Plaintiff pleads that Defendant willfully blinded itself to the infringing nature of the accused products' sales.

COMPLAINT FOR PATENT INFRINGEMENT

33.     Defendant has not ceased its own direct infringements, contributory infringements, or inducements of infringements by end-users despite their clear knowledge of the '908 patent.

34.     In sum, Defendant specifically induces end-users to use the accused products, and particularly the d-aspartic acid compound in these products, for increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the d-aspartic acid compound present in the products in an amount and for a time sufficient to increase the levels of testosterone, which is the very method described in the '908 patent.

35.     This method is the sole reason Defendant includes the d-aspartic acid compound in their products, and end-users' experiences are consistent with the fact that they have practiced the method, in that end-users have increased their levels of testosterone by ingesting the d-aspartic acid compound present in the accused products.

36.     Defendant's infringing activities have not stopped despite its knowledge of the patent's existence.

## V.     FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 8,202,908

37.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.     The Defendant has in the past and still is literally infringing or infringing under the doctrine of equivalents, directly and indirectly through contributory and/or induced infringement, claim 1 of the '908 patent by making, using, selling, and offering for sale dietary supplements embodying claim 1 of the patented invention, and will continue to do so unless enjoined by this Court.

39.     Examples of Defendant's direct infringement include, without limitation, the fact that Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities, have taken, used, and orally administered the accused products

which have the effect, without limitation, of increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the D-aspartic acid compound present in the products in an amount and for a time sufficient to increase the levels of testosterone.

40.     Defendant has encouraged and is aware of these persons' oral administration of the accused for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant is directly practicing the method set forth in the '908 patent.

41.     End-users of the accused products are also direct infringers of the '908 patent, because they have taken, used, and orally ingested the accused products which have the effect, without limitation, of increasing the levels of testosterone in adult male humans taking the products, by having them orally ingest the D-aspartic acid compound present in the products in an amount and for a time sufficient to increase the levels of testosterone.

42.     Therefore, these end-users practice the method as set forth in the '908 patent and directly infringe the patent.

43.     Defendant's labels and advertising explain the elements or essential elements of the method disclosed in the '908 patent to end-users and encourage, urge, and induce the products' end-users to purchase and orally administer the accused products to practice that method.

44.     The accused products are not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the products disclose any uses for the D-aspartic acid compound in the products that do not infringe upon the method disclosed in the '908 patent.

45.     Defendant has knowledge that the accused products are especially adapted by end-users of the products for increasing the levels of testosterone in adult male humans taking the accused products, by having them orally ingest the D-aspartic acid

COMPLAINT FOR PATENT INFRINGEMENT

1   compound present in the products in an amount and for a time sufficient to increase the

2   levels of testosterone.

3        46.    Defendant encourages, urges, and induces the accused products' end-users

4   to purchase and orally administer the products to increase the levels of testosterone in

5   adult male humans taking the products, by having them orally ingest the D-aspartic acid

6   compound present in the products in an amount and for a time sufficient to increase the

7   levels of testosterone – and Defendant has done so in the past.

8        47.    Defendant therefore is liable for contributory infringement of claim 1 of

9   the '908 patent.

10       48.    Defendant has intentionally and knowingly induced, encouraged, and

11  urged end-users of the accused products to purchase and orally administer the products

12  for the purpose, without limitation, of increasing the levels of testosterone in adult male

13  humans taking the products, by having them orally ingest the D-aspartic acid compound

14  present in the products in an amount and for a time sufficient to increase the levels of

15  testosterone.

16       49.    Defendant has actual, first-hand knowledge of the '908 patent, but has not

17  ceased their contributory infringement or inducement of infringements by end-users

18  despite their knowledge of the '908 patent.

19       50.    Defendant is therefore liable for induced infringement of claim 1 of the

20  '908 patent.

21       51.    Defendant's activities have been without express or implied license by

22  Plaintiff.

23       52.    The infringements by Defendant have been and continue to be willful,

24  since the infringements have not ceased.

25       53.    As a result of Defendant's acts of infringement, Plaintiff has suffered and

26  will continue to suffer damages in an amount to be proved at trial.

27

28

54.     As a result of Defendant's acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendant's infringements and inducements, which will continue unless Defendant is enjoined by this Court.

55.     Plaintiff believes that Defendant's past infringements and/or continuing infringements have been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.     A declaration that Defendant has infringed the '908 patent under 35 U.S.C. §§ 271 *et seq.*;

3.     That injunctions, preliminary and permanent, be issued by this Court restraining Defendant, its respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the '908 patent;

4.     That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the '908 patent, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

5.     That the damages awarded to Plaintiff with regard to the '908 patent be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

6.     That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

7.     That Plaintiff be awarded its interest and costs of suit incurred in this action;

COMPLAINT FOR PATENT INFRINGEMENT

8.      Compensatory damages;

9.      Punitive damages; and

10.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,
NEWPORT TRIAL GROUP
A Professional Corporation

Dated: February 20, 2013

By:     Tyler J. Woods
        Attorneys for Plaintiff

**COMPLAINT FOR PATENT INFRINGEMENT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Respectfully submitted,

NEWPORT TRIAL GROUP
A Professional Corporation

Dated: February ___20___, 2013

By: ___Tyler J. Woods___
Attorneys for Plaintiff

- 12 -

**COMPLAINT FOR PATENT INFRINGEMENT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV13- 1281 DDP  (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: NEWPORT TRIAL GROUP
Tyler J. Woods (State Bar No. 232464)
Richard H. Hikida (State Bar No. 196149)
Scott J. Ferrell (State Bar No. 202091)
895 Dove Street, Ste 425, Newport Beach, CA 92660

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

THERMOLIFE INTERNATIONAL LLC

PLAINTIFF(S)

v.

NUTREX RESEARCH, INC.

DEFENDANT(S).

CASE NUMBER

**CV13-1281 DDP(PJWx)**

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Newport Trial Group_____, whose address is 895 Dove Street, Suite 425, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

NANCY INTERMANO

Dated: __2-21-13__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

Name & Address: NEWPORT TRIAL GROUP
Tyler J. Woods (State Bar No. 232464)
Richard H. Hikida (State Bar No. 196149)
Scott J. Ferrell (State Bar No. 202091)
895 Dove Street, Ste 425, Newport Beach, CA  92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL LLC | CASE NUMBER |
| PLAINTIFF(S) | **CV13-1281 DDP(PJWx)** |
| v. | |
| NUTREX RESEARCH, INC. | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Newport Trial Group_____, whose address is _895 Dove Street, Suite 425, Newport Beach, CA  92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __2-21-13__

By: _____NANCY INTERAND0_____
              Deputy Clerk

              *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                        **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THERMOLIFE INTERNATIONAL, LLC

**DEFENDANTS**
NUTREX RESEARCH, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
NEWPORT TRIAL GROUP, 895 Dove Street, Suite 425, Newport Beach, CA 92660
Tel; (949) 706-6464   Fax (949)706-6469

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331, 1338, and 1367

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number: _____ **CV13-1281 DDP(PJWx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | THERMOLIFE INTERNATIONAL, LLC - Maricopa County, Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NUTREX RESEARCH, INC. - Seminole County, Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's Claim - Los Angeles, CA | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_  Date February 20, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |